UNION TRACTION COMPANY v. McTURNAN, ADMIN-
ISTRATOR.

[No. 10,657. Filed January 12, 1921. Rehearing denied April
20, 1921. Transfer denied May 31, 1921.]

1. RAILROADS.—*Crossing Accidents.*—*Jury Questions.*—*Contribu-
tory Negligence.*—In an action against an interurban railroad
company for the death of an automobile driver in a crossing
accident, whether deceased was guilty of contributory negli-
gence in attempting to cross defendant's tracks at a highway
crossing, the view of which was partially obstructed, *held* a
question for the jury. p. 5.

2. NEGLIGENCE.—*Instructions.*—*Comparative Negligence.*—In an
action against an interurban railroad company for the death of
the driver of an automobile in a crossing accident, an instruc-
tion authorizing the jury, in determining whether deceased was
guilty of contributory negligence, to consider defendant's con-
duct as affecting the probability of deceased seeing or hearing
an approaching car, *held* not objectionable as allowing the jury
to return a verdict based upon the doctrine of comparative
negligence, especially as another instruction informed the jury
that there could be no recovery if deceased was guilty of con-
tributory negligence. p. 7.

3. APPEAL.—*Review.*—*Instructions.*—*Waiver of Error.*—Error, if
any, in giving or refusing instructions as to the measure of
damages is waived where appellant fails to present the ques-
tion of excessive damages in its brief. p. 8.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by Lee McTurnan, administrator of the estate
of Raymond Stevens, deceased, against the Union Trac-
tion Company of Indiana. From a judgment for plain-
tiff, the defendant appeals. *Affirmed.*

*J. A. Van Osdal, Kittinger & Diven* and *Condo &
Browne,* for appellant.

*Ketcham, McTurnan & Higgins* and *Bell & Dickey,*
for appellee.

ENLOE, J.—This action was brought by appellee to
recover damages occasioned by the death of his dece-

dent, one Raymond Stevens, who met his death as a result of the automobile in which he was riding being struck by one of appellant's passenger cars at a highway crossing, on what is known as the Range Line Road, at a point about two miles east of the city of Elwood, Indiana.

The complaint, which was in one paragraph, alleged negligence on the part of appellant in (1) failing to give notice of the approach of said car to said crossing by sounding a gong or whistle, when not less than eighty nor more than 100 rods therefrom; (2) approaching said crossing at a high and dangerous rate of speed; and (3) failure to avoid striking or running into said decedent. This complaint was answered by a general denial, and the issues thus formed were submitted to a jury for trial, which returned its verdict in favor of appellee in the sum of $5,000, upon which judgment was rendered.

The appellant duly filed its motion for a new trial, which being overruled, it prosecutes this appeal, and relies as error, upon the action of the court in overruling its said motion.

Appellant first insists that the record fairly discloses that the deceased was guilty of contributory negligence, and that therefore the verdict of the jury is not supported by sufficient evidence and is contrary to law.

The record discloses the following facts, concerning which there is no dispute: That the deceased was traveling south in an automobile, on said highway; that the track of appellant crosses said highway, at the place of the accident, at practically a right angle; that the car which struck the vehicle and caused the death of said Stevens, approached said crossing from the east; that the time of the accident was near 4 o'clock p.m. There was also evidence that east of said highway the appellant's right of way fence was

only ten feet from the north rail of its track; that appellant's line of trolley poles were about seven feet north of its track; that there was also a telephone pole, in said highway, east of the roadway, and a short distance north of said track; that east of said highway and north of said track was a field of growing corn, which extended to within about three feet of said railroad fence; that at the time of the accident the corn was beginning to mature; that said corn was thick and would yield about seventy bushels per acre; that the surface of the field in which the corn was growing was three feet above the level of the appellant's track; that tall weeds, wild mustard, were growing between said track and the fence on the north, east of said highway; that at the time in question, a person traveling as decedent was, would have to be within three or four feet of the track to see down the track clearly. The evidence as to whether any signal, by gong or whistle, of the approach of said car to said crossing, is in sharp conflict. There was evidence that the deceased, as he approached said crossing, looked both east and west for an approaching car, and under all the evidence offered we cannot say, as a matter of law, that the deceased was guilty of contributory negligence. This matter was properly submitted to the jury, which by its verdict, has found that said deceased was, at the time he was struck and killed, in the exercise of due care and caution for his own safety.

Appellant next complains of certain instructions given by the court to the jury. These instructions are No. 4 given at the request of appellee; No. 11, requested by appellee and given by the court as modified by it; and No. 12 given by the court of its own motion. It also complains of the refusal of the court to give instruction No. 10 requested by appellant.

Said instruction No. 4, is challenged because, as ap-

pellant asserts, it authorized the jury to return a verdict against appellant, based upon the doctrine of

2. comparative negligence. We do not so understand said instruction. By it, the jury were simply told that in determining whether the said deceased was guilty of contributory negligence, at the time and place of said accident, in attempting to cross said track of appellant, that they might consider defendant's conduct, along with the circumstances there existing, affecting the probability or improbability of his seeing or hearing the approaching car. In determining whether said deceased was guilty of contributory negligence at the time in question, it certainly was proper for the jury to consider the fact as to whether any warning was given to him of the approach of said car, by bell or whistle, or otherwise, as shown by the evidence. The jury were not told that they might base their verdict upon the matter of comparative negligence, as appellant seems to contend, but could only consider such matters for the purpose of arriving at a conclusion upon the question of the deceased having been guilty of contributory negligence. The jury were told in another instruction that if they found said deceased to have been guilty of such negligence, then plaintiff could not recover, and their verdict should be for the defendant. The court did not err in giving said instruction.

Complaint is made of the other two of said instructions in that, it is urged that by each of them the jury were permitted to take into consideration, in assessing the amount of the recovery, elements not proper to be considered, elements which are not a proper basis for any damage, viz., sympathy for the deceased's family, and loss of companionship suffered.

The said two instructions complained of related to the measure of damages to be awarded, in case the jury

should find for the appellee.  The testimony 3. showed that the deceased was thirty-two years old; that he was a farmer and contractor, and managed a farm of 120 acres; that he was industrious; that he owned considerable personal property; that he provided well for his family, consisting of a wife and daughter; that his home was well furnished; that his banking business aggregated $10,000 per year.  Upon the record before us, considering the amount of the verdict, even if we should concede that the two instructions were open to the criticism made on each of them, which we do not, although said instructions are not models, we are impressed that the jury did not take into consideration any improper element or elements in arriving at the amount of said verdict.  Furthermore, the appellant in its brief herein has not, and is not insisting that the said verdict is excessive, and under the well settled rules of this and the Supreme Court, error, if any, in giving said instructions is waived.  *Sovereign Camp, etc.,* v. *Latham* (1915), 59 Ind. App. 290, 107 N. E. 749, and cases cited.

Appellant next urges that the court erred in not giving instruction No. 10, tendered and requested by the appellant.  This was an instruction upon the measure of damages, but as the appellant now stands before this court in the attitude of admitting, that if the appellee was, under the evidence, entitled to a verdict, the amount of the verdict in this case is not excessive, it therefore necessarily follows that appellant was not harmed by the court's refusal to give said instruction. It having, by its failure to present any point on the question of the amount of the verdict being excessive, waived all error in the matter of the giving, or refusal to give instructions on the measure of damages, under the principle announced in the Latham case, *supra.*

A careful reading of the entire record in this case

convinces us that a correct result has been reached. No reversible error has been presented and the judgment is therefore affirmed.